UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.

DORA WILLIAMSON DENICOLA,

    Plaintiff,                           LOWER CASE NO.: 21-CA-000560

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, WALMART STORES EAST, LP (hereinafter, "WALMART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, WALMART states the following:

                              **I.     FACTUAL BACKGROUND**

1.     This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of

$75,000.00, exclusive of interest and costs.

2. On or about April 2, 2021, Plaintiff, DORA WILLIAMSON DENICOLA (hereinafter, "Plaintiff"), commenced a civil action against WALMART in the Fifth Judicial Circuit Court in and for Lake County, Florida, styled *Dora Williamson DeNicola v. Wal-Mart Stores East, LP*, and bearing Case No. 2021-CA-000560. [A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A"**].

3. WALMART, through counsel, accepted service of Plaintiff's Complaint on April 9, 2021.

4. Plaintiff subsequently filed an Amended Complaint on April 28, 2021. [A true and correct copy of the Amended Complaint is attached hereto as composite **Exhibit "B"**]

5. Plaintiff's Amended Complaint asserts a single count of negligence against WALMART. [*See* Ex. B, ¶¶ 7-10]. Specifically, Plaintiff alleges that, on July 17, 2019, Plaintiff was injured when she slipped and fell in liquid detergent at Walmart Store No. 800 located at 2501 Citrus Blvd., Leesburg, Lake County, Florida. [*See* Ex. B, ¶¶ 4-6, 9]. Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident. [*See* Ex. B, ¶ 10].

6. Plaintiff alleges that WALMART breached its various duties owed to her including the duty to maintain the premises in a reasonably safe manner

and warn her of an alleged dangerous condition which existed on the premises. [*See* Ex. B, ¶ 9].

7. According to Plaintiff's Amended Complaint, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. Further, Plaintiff's Complaint specifically alleges that Plaintiff sustained serious and permanent injuries and damages from the subject accident that exceed the circuit court's jurisdictional minimum. [*See* Ex. B, ¶¶ 1 & 10].

8. Furthermore, on October 16, 2020, prior to commencement of this lawsuit, Plaintiff submitted a $1,000,000.00 pre-suit demand letter ("Demand Letter"), which indicated that ***Plaintiff incurred a total of $173,490.38 in past medical expenses*** in connection with the subject accident. Based on Plaintiff's alleged injuries and medical bills incurred (as of the date of the Demand Letter), Plaintiff offered to settle her claim for one million dollars ($1,000,000.00). [A true and correct copy of Plaintiff's Demand Letter and attached Medical Records/Bills are attached hereto as composite **Exhibit "C"**].[1]

9. Additionally, Plaintiff is a resident of Lady Lake, Lake County,

---

[1] WALMART has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, WALMART can provide same for an *in camera* inspection.

Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction. [*See* Ex. B, ¶ 2; Ex. C, at pp. 11, 21, 28, 31-36, 38-49, and 51; and Plaintiff's Customer Incident Report attached hereto as **Exhibit "D"**].

10. WALMART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas. [See public filings maintained by the Florida Division of Corporations attached hereto as **Exhibit "E"**]

11. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

12. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after WALMART'S acceptance of service of Plaintiff's Complaint. [*See* Ex. B]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

13. A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite **Exhibit "F"** as required by 28 U.S.C. § 1446(a).

14. Following the filing of this Notice of Removal with this Court, WALMART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written

notice thereof to all parties.

15. WALMART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.    REMOVAL IS TIMELY

16. In accordance with 28 U.S.C. § 1446(b)(1), WALMART files this Notice of Removal within thirty (30) days of its acceptance of service of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on April 9, 2021, when Defendant, though counsel, agreed to accept service of Plaintiff's initial Complaint. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1329 (1999).

17. Further, prior to Defendant accepting service of Plaintiff's Complaint, Plaintiff submitted a Demand Letter outlining Plaintiff's claimed injuries and damages, including Plaintiff's incurred medical expenses arising from her October 16, 2020, accident. [*See* Ex. C].

18. Venue is proper in this Court because the Fifth Judicial Circuit where Plaintiff filed her state court Complaint is located in Lake County, Florida, which is located within the United States District Court for the Middle District of Florida, Ocala Division.

### III. THERE IS COMPLETE DIVERSITY AMONGST THE PARTIES

19. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WALMART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    A. This is an action between citizens of different states; and

    B. This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

#### A. Citizenship of Plaintiff, DORA WILLIAMSON DENICOLA

20. Plaintiff's Amended Complaint specifically alleges that she is a "resident of Lake County, Florida." [*See* Ex. B, ¶ 2].

21. Additionally, Plaintiff's medical records and Customer Incident Report indicate that Plaintiff is a resident and citizen of the State of Florida. [*See* Ex. C, at pp. 11, 21, 28, 31-36, 38-49, and 51; and Ex. D].

22. "It is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009).

23. Plaintiff's Lake County residence is *prima facie* evidence of her

6

domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B.  Citizenship of WALMART

24.  WALMART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

25.  Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  These are the only partners of Wal-Mart Stores East, L.P.  WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc., is and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.  The principal place of business for all entities mentioned is Bentonville, Arkansas.  At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida.  [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Ex. E].

26.  A corporation is deemed a citizen of the state in which it is

incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c). See *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

## IV.    AMOUNT IN CONTROVERSY

27.    Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

28.    Here, Plaintiff's Amended Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum. [*See* Ex. B, ¶¶ 1 & 10]. While the Amended Complaint does not specify an amount in controversy, it is clear from Plaintiff's Demand Letter that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *Mick v. De Vilbiss*

8

*Air Power Co.,* 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that pre-suit settlement demand letters are competent evidence of the amount in controversy).

29. Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

30. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

31. Plaintiff's itemized and specifically detailed Demand Letter

9

establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff's Demand Letter, including the medical records attached to the demand, indicate that Plaintiff's ***past medical bills alone total $173,490.38***, and were itemized as follows:

| MEDICAL PROVIDERS | CHARGES |
|---|---|
| Lake County EMS | $535.50 |
| The Villages Hospital | $25,835.58 |
| Radiology Associates of Central Florida | $454.00 |
| Paragon Emergency Services | $2,382.00 |
| Integrative Physical Medicine | $10,585.70 |
| Central Florida Imaging | 6,450.00 |
| Headache and Neurological Institute | $3,703.50 |
| SimonMed Imaging | $4,498.00 |
| Interventional Associates (includes sx) | $100,403.44 |
| All Coast Therapy | $428.66 |
| CORA Physical Therapy | $18,214.00 |
| **TOTAL** | **$173,490.38** |

[*See* Ex. C, at pg. 7].

32. Further, based on Plaintiff's alleged injuries and medical bills, Plaintiff estimated her damages in the present matter to be at least one millions dollars ($1,000,000.00). [*See* Ex. C]. Additionally, Plaintiff's Amended Complaint alleges damages for bodily injury, disability, disfigurement, mental anguish and pain, loss of earnings, loss of ability to earn money, aggravation of a previously existing conditions, and substantial medical expenses for past treatment and anticipated future treatments. [*See* Ex. B, ¶ 10].

33. Plaintiff's representations sufficiently and conclusively establish

10

by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

34. District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand letter demonstrates the plaintiff's past medical bills exceed $75,000.00. For instance, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering. *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

35. Similarly, in *Katz v. J.C. Penney Corp.*, the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's Demand Letter in this case, it was based

11

on medical records provided by the plaintiff. *Id.*

36. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

37. In the instant matter, Plaintiff's Demand Letter, which specifies that Plaintiff's past medical expenses exceed $173,000.00, is an honest assessment of her claimed damages in the present matter that is based on the following: (1) Plaintiff's medical records and bills attached to the Demand Letter; (2) Plaintiff's alleged injuries, which include disc herniation at multiple levels of her cervical and lumbar spine; (3) epidural steroid injections in her cervical and lumbar spine; (4) medial branch block injection in her lumbar spine; (5) right shoulder arthroscopic surgery to repair her rotator cuff and supraspinatus and infraspinatus tendon tear; and (6) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional

threshold.  [*See* Ex. C].

38. Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000.  Accordingly, WALMART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

### V.   CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and WALMART are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and WALMART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests that this action currently pending in the Circuit Court for Lake County, Florida be removed to the United States District Court for the Middle District of Florida, Ocala Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted on this 10th day of May, 2021.

                      */s/Michael T. Relihan*
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**GEORGE H. FEATHERSTONE**
Florida Bar No.: 0624306
gfeatherstone@hamiltonmillerlaw.com
**MICHAEL T. RELIHAN**
Florida Bar No.: 116053
mrelihan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile:  (813) 223-1933
E-Service: ghf-serve@hamiltonmillerlaw.com
*Counsel for Defendant,*
*Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

                      */s/Michael T. Relihan*
Florida Bar No.: 116053
mrelihan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL

## SERVICE LIST

Victoria M. Manglardi, Esq.
FBN: 93604
Martinez Manglardi, P.A.
3131 SW College Road
Ocala, FL 34474
Phone:  352-653-6001
Fax:  352-304-6490
victoria@martinezmanglardi.com
espada@martinezmanglardi.com
*Attorneys for Plaintiff*